IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREW GASTON, #260494,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:12-cv-1120-TMH |
| ) | [WO] |
| ) | |
| RANDY DANIELS, *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Andrew Gaston ("Gaston"), an indigent state inmate, filed this 42 U.S.C. § 1983 action in December of 2012 addressing actions which occurred during his confinement at the Easterling Correctional Facility.

On June 19, 2014, the court entered an order advising Gaston that his claim challenging the amount of extra food served to other inmates provided no basis for relief as such action "is not violative of [his] constitutional rights." *Doc. No. 8*. The court further noted that the evidentiary materials Gaston submitted in support of the complaint "indicate that his failure to protect claim has been litigated before the Circuit Court of Barbour County, Alabama" and "would [therefore] be barred by the doctrine of res judicata." *Id*. Based on the foregoing deficiencies, the court ordered Gaston to "show cause why this case should not be dismissed" and specifically cautioned Gaston "that if he fails to file a response to this order this case will be dismissed for such failure." *Id*. The

time allowed Gaston to file a response to the show cause order expired on June 30, 2014. Gaston, however, has filed nothing in response to this order.

In light of Gaston's failure to file a response, the court concludes that at this stage of the proceedings the instant cause of action should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file a response to the June 19, 2014 show cause order.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 22, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of July, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE